# Richmond.

## WALLER v. JOHNSON.

### FEBRUARY 24th, 1887.

### Absent, LEWIS, P.

POST-NUPTIAL SETTLEMENTS—*Collusion to annul—Case at bar.*—In 1874 J. settled his property on his wife. In 1881 W. claimed to be a creditor of J. by notes made for money loaned before and after 1874, and sued J. and wife to annul the settlement as fraudulent, and replied to the plea of the statute of limitations a written promise of J. to pay the debt. The evidence showing that W. was without means to have loaned the money, and was living adulterously with J., and that the claim and suit was a collusive scheme between J. and W. to defraud the wife of the property, the circuit court dismissed W.'s bill. On appeal—

HELD:
    No error in the decree appealed from.

Appeal from decree of corporation court of city of Norfolk, rendered 20th July, 1882, in a suit in equity wherein Ellen Walker was complainant, and Crawford H. Johnson and Elizabeth W. Johnson, his wife, and others, were defendants. The circuit court dismissed the bill and the complainant therein appealed.

Opinion states the case.

*Borland & Brooke,* for the appellant.

*Parker & Allen,* for appellee.

HINTON, J., delivered the opinion of the court.

This appeal is utterly devoid of merit. The suit is brought by one Ellen Waller, a colored woman, formerly a slave, to set aside and annul as fraudulent and void a deed of settlement made by one Crawford H. Johnson, upon his wife, Elizabeth W. Johnson, which deed was executed on the 26th day of January, 1874, and conveys certain real estate situate in the city of Norfolk.

The claim of appellant—Ellen Waller—is that Crawford H. Johnson is indebted to her in the sum of $1,175, a part of which she alleges that she loaned to the said Johnson in February, March, or April, 1873, and the balance of which she says was loaned him in the fall of the same year. And for this amount originally evidenced by two notes, she also claims that said Crawford H. Johnson subsequently substituted his three several negotiable notes, the two first of which were dated on the 3d of January, 1873, and 5th January, 1874, respectively, and were for the sum of $424, and the last of which was dated on the first of January, 1875, and is for the sum of $327. And as evidence of this last statement, she produces the first and third of the above-mentioned notes, and what she claims to be a new promise in writing in the shape of a letter addressed to her by the said C. W. Johnson in March, 1881.

But, notwithstanding these so-called evidences of indebtedness, we are forced to the conclusion that no such indebtedness ever existed; that the whole claim is but a fraudulent scheme devised between the said Crawford H. Johnson and his paramour, Ellen Waller, to deprive his wife of a provision, which, under a generous and proper impulse and in obedience to the expressed wishes of his mother, he had made for her. We have been driven to this conclusion by a careful

examination of the testimony in the cause which shows beyond doubt that Ellen Waller was a colored woman living on the Eastern Shore of Virginia, with seven or eight children, at least two of whom were dependent upon her, and that she was still living on the Eastern Shore in 1873, and working for about forty cents a day, the very time that she claims that she was living in Baltimore and making the advances to C. H. Johnson. This circumstance, taken in connection with the fact that Johnson several years ago deserted his wife and took up with this woman, and has been since living a drunken and dissolute life, and finally has instigated this suit, satisfies us that this claim has no existence.

Taking this view of the case, it becomes unnecessary for us to consider any of the questions of law raised in the case, and while it is alleged that Crawford H. Johnson was indebted to other parties at the date of the settlement, yet, as there is no proof of any specific debt, we think that the court below could do nothing in the state of the pleadings but dismiss the bill, and this decree must, therefore, be affirmed.

DECREE AFFIRMED.